IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ANGELA YVETTE TAYLOR | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16cv 28 HTW-LRA |
| | ) |
| | ) |
| THE CITY OF JACKSON, | ) |
| MISSISSIPPI | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Angela Yvette Taylor, alleges:

### INTRODUCTION

1. The Plaintiff, Angela Yvette Taylor, hereinafter referred to as "Ms. Taylor" brings this action against Defendant the City of Jackson, Mississippi (City of Jackson or Defendant) to enforce the statutory and regulatory provisions of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§12111-12117, which incorporates, through 42 U.S.C. § 12117, the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

2. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331.

3. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391.

5. The City of Jackson is a person within the meaning of 42 U.S.C. § 12111 (7) and 42 U.S.C. § 2000e (a).

6. The City of Jackson is an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2. The City of Jackson may be served with process by serving process on the City Clerk's Office of Jackson, MS.

7. Ms. Taylor was hired as a Homeland Security Communications Clerk with the City of Jackson on May 1, 2007. On or about July 10, 2007, Ms. Taylor was notified that she would be re-classified as a Public Safety Communications Dispatcher, and she served in that role until she accepted a position as a Public Service Dispatcher on August 25, 2014, in the Department of Human and Cultural Services Senior Division. Ms. Taylor was laid off on September 30, 2015, when that department was disbanded.

8. On July 10, 2013, Ms. Taylor requested a transfer to another department due to the toll that working as a 911 dispatcher had taken on her health. Her health had greatly deteriorated due to her rheumatoid arthritis and had become difficult to manage. She asked to be reassigned to the Operations Center located at 300 North State Street Jackson, MS. She indicated that she was open to other solutions, and she provided medical documentation of her condition.

9. Rheumatoid arthritis is a disability within the meaning of 42 U.S.C. § 12102(1) because it is an impairment that substantially limits one or more life functions.

10. Ms. Taylor was a qualified individual within the meaning of 42 U.S.C. § 12111 (8) for the 911 dispatcher position because she could perform the essential functions of the position. Further, the ADA defines a "qualified individual with a disability" as

> an individual with a disability who, with or without reasonable

        accommodation, can perform the essential functions of the employment position that such individual *holds or desires*.

11. Ms. Taylor received a response dated July 11, 2013, from Veria J. Wright, Manager Public Safety Communications. The response stated that there was not a vacant position at the Operations Center and there were no vacant part time positions. The memo recommended that Ms. Taylor request a voluntary demotion to Communications Clerk or request that City Personnel attempt to find her something in another city department.

12. Ms. Taylor contends that the City of Jackson failed to provide reasonable accommodation in accordance with 42 U.S.C. § 12111(9). Ms. Taylor had the burden of requesting the accommodation and met this burden by making the request to her manager, the Chief of Police, and the Interim Director of Personnel Management. Once Ms. Taylor met this burden, the City of Jackson was obligated to engage in an interactive process, which is a meaningful dialogue with the employee to find the best means of accommodating the disability.

13. Ms. Taylor contends that the City of Jackson did not engage in the interactive process since she was only given the option to either request a demotion or make a request to the city personnel department to find another job. The ADA's regulations state that "it may be necessary for the [employer] to initiate an informal, interactive process with the qualified individual with a disability in need of the accommodation" in order to craft a reasonable accommodation. 29 C.F.R. § 1630.2 (o)(3). In April, 2014, another dispatcher was assigned to the Operations Center. Ms. Taylor had been informed when she made her request for accommodation in July 2013 that there were no vacant positions

at the Operations Center.

14. Ms. Taylor filed her discrimination claim with the EEOC on July 9, 2014, alleging denial of a reasonable accommodation and discrimination due to her disability in violation of the Americans with Disabilities Act of 1990. A copy of the charge is attached as Exhibit A.

15. On July 22, 2014, a Memorandum was sent from Veria Wright to Interim Chief Lee Vance advising of the relocation of Public Safety Dispatcher Angela Taylor. The problem with this memo is that Ms. Taylor not only did not begin working at the Operations Center on July 23, 2014, she contends that she did not know that the City of Jackson was contemplating this move until almost a year later on July 14, 2015, after she had reviewed the EEOC file.

16. On July 29, 2014, Ms. Taylor was interviewed and offered the position for Public Service Dispatcher at Human & Cultural Services/Senior Services. The pay for the position was $9.991 an hour compared to her former rate of $12.466 per hour. Ms. Taylor began working in this position on August 25, 2014, and continued to work in this position until the Human & Cultural Services/Senior Services Division was abolished, and she was laid off on September 30, 2015.

17. On May 29, 2015, Ms. Taylor requested a right to sue letter from the EEOC which is attached as Exhibit B. On July 14, 2015, Ms. Taylor received a copy of her EEOC file. A Notice of Right to Sue dated October 23, 2015, was received by Ms. Taylor and is attached as Exhibit C.

## Cause of Action

18. The allegations of the foregoing paragraphs are incorporated herein by reference.

19. Title I of the ADA prohibits covered entities from "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee…" 42 U.S.C. § 12112(b)(5)(A)

20. The City of Jackson discriminated against Ms. Taylor by not acknowledging that she had a disability, not engaging in the interactive process once she requested a reasonable accommodation, and not granting the reasonable accommodation despite that fact that Ms. Taylor is a qualified individual who is able to perform the essential functions of the position, in violation of 42 U.S.C. § 12112 and 29 C.F.R. §§ 1630.2 and1630.4. The Defendant's conduct was also retaliation against Ms. Taylor for her having engaged in protected activity and further constitutes a continuing violation of the ADA.

21. Ms. Taylor has suffered harm as a direct result of Defendant's discrimination including emotional distress, lost wages and income, and lost career opportunities.

## Prayer for Relief

WHEREFORE, Plaintiff prays that the Court grant the following relief:

22. Grant judgment in favor of the Plaintiff and declare that Defendant has violated Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its accompanying regulation.

23. Enjoin Defendant, its officers, successors, assigns and all persons from engaging in unlawful employment practices against individuals with disabilities;

24. Provide sufficient remedial relief to make whole the charging party, Ms. Taylor, for the individual loss she suffered as a result of the discrimination against her, including granting all back pay with interest from August 25, 2014, when she began

her position as Public Service Dispatcher at Human & Cultural Services/Senior Services until she was laid off on September 30, 2015.

25. Award compensatory damages to Ms. Taylor to fully compensate her for injuries caused by Defendant's discriminatory conduct, pursuant to and within the statutory limitations of 42 U.S.C. § 1981a;

26. Order Defendant to train its supervisors and human resources staff regarding the requirements of the ADA;

27. Award Ms. Taylor attorney fees and court costs; and

28. Award such other additional relief as justice may require.

29. Plaintiff, Ms. Taylor, demands a trial by jury.

Dated January 19, 2016

Respectfully submitted,

_Richard Hitt_
Richard Hitt
Mississippi Center for Legal Services
Post Office Box 951
Jackson, MS 39205
Phone 601 948 6752
Fax 601 948 6759
hittlaw@comcast.net
MS Bar No. 99527

_Jason Bayles_
Jason Bayles
Mississippi Center for Legal Services
Post Office Box 951
Jackson, MS 39205
Phone 601 948 6752
Fax 601 948 6759
jbayles@mslegalservices.org
MS Bar No. 99828

/s/ Louise Harrell
Louise Harrell
Attorney At Law
P. O. Box 2977
Jackson, MS 39207
Telephone: 601 353 0065
Fax: 601 608 7999
harrelllouise@aol.com
MSB No. 8466